## REPUBLIC IRON & STEEL COMPANY v. BERKES.

[No. 20,226.   Filed April 22, 1904.]

MASTER AND SERVANT.—*Personal Injuries.*—*Negligence of Foreman.*—*Evidence.*—*Employers' Liability Act.*—In an action for personal injuries, based upon subdivision 2, §7083 Burns 1901, there was evidence that plaintiff and another were shearing a crooked piece of scrap iron, under the direction of defendant's foreman, and just as they had placed the iron between the knives of the shears, in position to be cut, the foreman ordered it to be cut at a different place, which required the removal of the bar of iron from the shears, and, in attempting to change the position thereof, the shears closed down and cut the bar near the end, and caused it to rebound and strike plaintiff, causing his injury.   *Held*, that the question of the negligence of the foreman in giving the order was one of fact for the jury.   *pp. 517–526.*

SAME.—*Orders of Foreman.*—*Negligence.*—A servant has a right to presume, in the absence of warning or notice to the contrary, that in conforming to the order of his foreman he will not be subjected to injury.   *p. 524.*

APPEAL AND ERROR.—*Evidence.*—Where there is evidence to sustain the verdict in every material respect, it will not be disturbed on appeal.   *p. 526.*

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by Charles Berkes against the Republic Iron & Steel Company.   From a judgment for plaintiff, defendant appeals.   Transferred from Appellate Court, under §1337u Burns 1901.   *Affirmed.*

*J. B. Peterson, W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller,* for appellant.

*A. F. Knotts, George Reiland* and *F. M. Conroy,* for appellee.

JORDAN, J.—This action was prosecuted by appellee, as plaintiff below, to recover damages for personal injuries received while in the employ of appellant.   A trial by jury resulted in a verdict in favor of appellee.   Answers to numerous interrogatories were also returned by the jury along with their general verdict.   Appellant, at the close of appellee's evidence, unsuccessfully moved the court to direct the jury to find in its favor.   Its motion for a new trial

was denied, and judgment was rendered in favor of appellee for the damages awarded by the jury.

The complaint, in substance, avers and sets up the following facts: On and prior to the 11th day of January, 1900, the date upon which appellee was injured, the defendant was a corporation incorporated under the laws of the state of Illinois. On that day and prior thereto it was engaged, in the city of East Chicago, Lake county, Indiana, in manufacturing iron and steel. Plaintiff was an employe of appellant engaged in working as a common laborer in its mills and factory at said city, and at the time of receiving the injuries of which he complains he was working in the line of his duty. Defendant, on employing him to work in its mills and factory, put him at work cutting scrap iron into pieces by means of large iron shears operated in said factory. While engaged at this work the plaintiff was under the control and orders of one John Flack, who was foreman of the defendant in the department of its factory where the plaintiff worked. Flack, as such foreman, had the right and authority from defendant to order and direct the plaintiff in regard to the work in which he was engaged, and plaintiff was required to conform to and obey the orders and directions of the said foreman. At the time of the accident the plaintiff and another person in the employ of the defendant were directed and required to cut into small pieces a long, crooked, and warped iron bar by means of the said shears provided by defendant for that purpose. Immediately prior to the injury received by plaintiff, as hereinafter stated, he and his assistant had properly placed this bar of iron in the jaws or mouth of the shears, and had pushed it as far back as possible, in order that when the knives of the shears came together they would cut the iron into square pieces without turning the bar over. The jaws of these shears, it is alleged, "worked up and down at regular intervals." As plaintiff and his helper were in a proper manner placing the said bar

in the shears, and just at the time the jaws thereof had commenced to descend on the said iron bar, Flack, said foreman, then and there carelessly and negligently, in a loud tone of voice, and in a decisive and abrupt manner, ordered and directed plaintiff and his helper not to cut the iron bar at the point where plaintiff was about to cut it, but to cut it at another point. The complaint then proceeds to charge that the foreman negligently and carelessly gave said command and order at a time when it was extremely dangerous for the plaintiff to undertake to obey it. The plaintiff at the time had no knowledge of such danger, and had no time to consider the result of obeying the order. The danger to which he was subjected, as alleged, in obeying the order in question consisted in necessitating him at that time to withdraw the iron bar from the mouth of the shears. In order to obey the command of the foreman and to prevent the bar from being cut at the point where he had directed it should not be cut the plaintiff had to change quickly the position of the bar in the mouth of the shears to comply with the command. But in his attempt to change the position of the bar in the mouth of the shears, and to comply with the order given, the shears closed down and cut the bar near the end of the shears, and in such a manner as to cause it to turn and rebound from the mouth thereof, and with much force to strike the left leg of the plaintiff, thereby severely injuring that limb. A particular statement of the character and permanency of the injury, and the suffering endured by the plaintiff, and the money which he expended in attempting to heal and cure his said injuries, are all set out in the complaint. The pleading then proceeds to repeat the charge that the injuries received by the plaintiff were occasioned solely by the negligence and carelessness of the foreman in giving the order in question, which the plaintiff was bound to obey, and did obey, etc.

It is evident under the facts alleged in the pleading that appellee based his cause of action on the second clause of §7083 Burns 1901, which provides "that every railroad or other corporation, * * * operating in this State, shall be liable for damages for personal injuries suffered by any employe while in its services, * * * in the following cases: * * * Second. Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform." In fact, counsel for appellee contend that the complaint, under the facts, is sustained by this provision of the statute, which contention counsel for appellant apparently do not controvert. In respect to the construction of the clause of the section in question, see *Louisville, etc., R. Co.* v. *Wagner,* 153 Ind. 420; *Thacker* v. *Chicago, etc., R. Co.,* 159 Ind. 82, 59 L. R. A. 792. A demurrer to the pleading was overruled, and appellant answered by the general denial.

Counsel for appellant contend that the judgment below should be reversed on the grounds (1) that the evidence fails to establish any negligence on the part of appellant's foreman; (2) that the alleged negligence is not shown to have been the proximate cause of the injury received. Or, in other words, we are requested to adjudge that upon a consideration of all of the evidence most favorable to appellee, together with all of the reasonable inferences which may be drawn therefrom, the jury should have found in favor of appellant.

The evidence, to an extent, is conflicting, and it will serve no useful purpose to recite it all in detail. It may be said, however, that there is evidence to establish, among others, the following facts: Appellant at and prior to the accident in question was a corporation engaged in manufacturing iron and steel in the city of East Chicago, Lake county, Indiana. One James Flack was the foreman in

its factory, and as such he had control and supervision of its employes in the department in whch appellee worked. On the 10th day of January, 1900, Flack, as such foreman, hired appellee to work for appellant in said factory, and on that day he put him to work in operating a pair of shears in cutting bars of scrap iron. Appellee was under the control of Flack, as foreman, and was required to conform to and obey his orders while at work. The accident by which appellee was injured occurred on the night of January 11, 1900. On the day before— January 10, the day when appellee was put to work— he was furnished with a helper to aid him when he needed assistance. On the second day, or on the night of the accident, it appears that he had not the same assistant that he had the day before, but a different employe. This helper, it appears, was a foreigner, and did not understand the English language. Of this fact the foreman appears to have had knowledge. Appellee, however, did not know this helper, nor did he know that he could not understand English. On the first day of appellee's employment it appears that he sheared a lot of crooked pieces of iron. The blades of the shears operated by appellee were. eighteen inches long, and when in operation its mouth or jaws went up and down about twenty times in the course of a minute. On the occasion of the accident in question, appellee, with the assistance of his helper, had shoved or placed a large, crooked iron bar as far back as he could in the mouth of the shears. This bar weighed 150 pounds and was eight feet long. The bar was crooked at one of its ends, the crook extending up some distance along the bar in the shape of the letter "S." Just as appellee had placed this bar under the knives of the shears, and had it in a position to be cut, Flack, the foreman aforesaid, came up where appellee was at work, and very suddenly or hastily, and in an abrupt manner, said, "Don't cut that bar there, cut it in the center." In obedience to this order, appellee immediately

began to remove the bar from the shears in order to place it so that it would be cut in the center, the point where the foreman had ordered him to cut it. It appears that it was necessary to remove the bar from the mouth of the shears in order to comply with the command of the foreman. As appellee was in the act of removing the bar the shears came down and caught it, turning it down, and threw or flopped it over against appellee's leg, whereby he was severely and permanently injured. There is evidence to show that had the bar been left where it was placed in the first instance by appellee, it would have been properly cut without any injury to him. It appears to have been the crooked part of the bar which turned over as the knives closed down upon it. Appellee had no notice or warning that in attempting to withdraw the bar as he did he would expose himself to any danger or injury. The proper way to feed or place a bar of iron like the one in question into the shears was to put it at the back part of the mouth as far back as it could be pushed. This appellee did. If it were placed into the shears obliquely, or into the front part of the jaws, the latter, under such circumstances, would have a tendency to twist the bar and throw it out. Appellee was in the line of his duty at the time of the accident, and was standing at the proper place in front of the machine, and in all respects it appears was in the exercise of due care under the circumstances. The special findings of the jury are in harmony with the general verdict.

The jury find, in answer to an interrogatory which there is evidence to support, that appellee could not have stopped the shears "while cutting the pieces of iron in question." The distance between the points of the lower and upper knives of the shears when open is about twelve inches.

Counsel for appellee contend that under all of the evidence and circumstances in this case the question as to whether the foreman was guilty of negligence in giving the order was for the decision of the jury. The evidence, it is

said, supports all of the facts necessary or material to en-
title appellee to recover; therefore it is contended that this
court is not authorized to find as a matter of law to the
contrary.   We concur in this view of the case.   We are of
the opinion that when all of the evidence most favorable to
appellee, together with all of the reasonable inferences
which the jury might have drawn therefrom, is considered,
we would not be warranted in finding that appellee had
failed to establish the cause of action alleged in his com-
plaint.   That the evidence proves that the order in question
was one within the scope of the foreman's authority, and
that appellee, as the servant of appellant, was bound to
obey it, can not be seriously controverted.   The jury, by
their general verdict, impliedly find that the foreman, in
giving the order, was guilty of negligence, and that this
negligence was the proximate cause of the injury received
by appellee.   The latter is shown to have been an unskilled
or common laborer in the service of appellant, receiving a
compensation of fourteen cents per hour, of all of which
the foreman had knowledge.

There is evidence to show that the foreman was aware of
the quick movement up and down of the jaws of the shears,
the size and shape of the bar, and the position in which
it had been placed in the mouth of the machine ready for
cutting.   He gave an imperative order to appellee not to
cut it at the point where the latter was intending, but to
cut it in the center.   From the evidence and all of the cir-
cumstances placed before the jurors they were justified in
drawing therefrom the reasonable inference that the fore-
man, at the time he gave the order, knew that appellee, in
complying therewith, would be compelled quickly to with-
draw the bar from the jaws of the shears, and in so doing,
if it failed to clear the moving jaws, it might be caught
therein, and wrenched or twisted from the hands of appel-
lee to his injury.   The evidence may be said to be open
not only to this inference, but to other inferences which

reasonably and fairly tend to establish that giving the order in controversy was an act of negligence on the part of the foreman. It is apparent that had the foreman desired he could have readily shut off the power by which the shears were operated before he gave the order or direction to appellee.

Appellee's duty as the servant of appellant was to yield obedience to the orders of his superiors. In fact, it appears that he was obeying a specific order of the foreman, under whose control and authority he had been placed by the master. He had the right to presume, in the absence of warning or notice to the contrary, that in conforming to the order he would not be subjected to injury. *Taylor* v. *Evansville, etc., R. Co.,* 121 Ind. 124, 6 L. R. A. 584, 16 Am. St. 372, and cases there cited. He was justified in presuming that the foreman would not give improper orders, and would not direct him to assume improper risks. In regard to a servant's right of action for injuries received in obeying a direct command or order, in addition to our own cases, see *Eaves* v. *Atlantic, etc., Mfg. Co.,* 176 Mass. 369, 57 N. E. 669; *Stephens* v. *Hannibal, etc., R. Co.,* 96 Mo. 207, 9 S. W. 589, 9 Am. St. 336; *Illinois Steel Co.* v. *Schymanowski,* 162 Ill. 447, 44 N. E. 876; *Long* v. *Illinois Cent. R. Co.* (Ky.), 68 S. W. 1095, 58 L. R. A. 237.

*Eaves* v. *Atlantic, etc., Mfg. Co., supra,* was an action under the employers' liability act of Massachusetts, by an employe, for personal injuries sustained through an alleged negligent order given by the superintendent of the company, whereby the plaintiff was directed to start a pressing machine. In obeying this order she was injured by the presser coming down upon and crushing her fingers. The court in its opinion in that case said: "Talbott was a person whose principal duty was that of a superintendent; that as such superintendent he gave to the plaintiff the order to start up the machine; that at the time of the order he

had reason to know that she might understand it as a command to try to ascertain by resuming her work whether the machine was all right; that she so understood it and was justified in so understanding it; that, acting under that understanding, she attempted to resume her work; that while she was doing that and in the exercise of due care, by reason of the violent and unusual shaking of the machine her hand was thrown from its usual place and the presser came down upon her fingers and crushed them; and that under the circumstances the order was negligent. This would make a case for the plaintiff. * * * The jury must have found the facts to be as above stated."

In the case at bar it appears that appellee was suddenly or hastily ordered, as shown, to cut the bar in the center. The foreman, as it appears, saw that appellee was about to cut it at what was testified to be the usual place for cutting such a bar. He ordered appellee, in effect at least, to change the position of the bar in the mouth of the machine in order to cut it at another point. In attempting to obey this order no time, under the circumstances, appears to have been afforded to appellee to consider or reflect whether or not, in complying therewith, he would expose himself to injury or danger. The test of the foreman's negligence in the manner under the general rule applicable to other cases, is whether a person of ordinary prudence under the particular circumstances would have given the order. Labatt, Master & Serv., §119.

Counsel for appellant argue that if there is any negligence shown in the case, it must be charged to appellee's helper, who, it is said, did not coöperate with appellee in withdrawing the bar from the mouth of the shears. While it may be said that the order was given in the presence of appellee and his helper, it is shown, however, that the latter did not understand the English language, and did not understand what the order meant.

The case on the question of negligence can not be said to fall within the operation of the rule which affirms that where one inference only can be drawn from the undisputed evidence or facts, and where such inference can lead to but one result, then, under such circumstances, the question of negligence becomes one of law, and not of fact. It has been repeatedly affirmed by this court that its province upon appeal is to correct errors of law. The fact that the evidence in a particular case upon which the judgment of the lower court rests may be said to be weak or unsatisfactory is not available, for if there is evidence to sustain the judgment in every material respect we are not authorized to disturb it upon appeal. *Lee* v. *State,* 156 Ind. 541, and cases cited; *Mead* v. *Burk,* 156 Ind. 577. The jury, as previously stated, found that the negligence of the foreman was the proximate cause of the injury received by appellee. This finding is supported by the evidence. No other intervening cause can be said to have produced the injury. *Louisville, etc., Ferry Co.* v. *Nolan,* 135 Ind. 60.

Judgment affirmed.

Gillett, C. J., did not participate in the decision of this case.