## Chicago, Indianapolis . & Louisville Railway Company *v.* Sanders.

[No. 6,572.   Filed December 9, 1908.]

1. **Railroads.**—*Servants.*—*Alighting from Moving Trains.*—*Negligence.*—Whether a railroad construction foreman was negligent in ordering a servant to alight from a moving train, and whether such servant was guilty of contributory negligence in alighting therefrom, are questions of fact.   p. 586.

2. **Trial.**—*Conclusions of Law.*—*Motion for New Trial.*—Where the conclusions of law correctly follow alleged erroneous special findings, they cannot be held erroneous, a motion for a new trial being the proper method of questioning the sufficiency of the evidence to sustain the findings.   p. 587.

3. **Master and Servant.**—*Orders.*—*Presumptions.*—*Knowledge.*—*Equal Opportunities.*—The servant may rely upon the presumption that obedience to his master's order will not expose him to danger, but such presumption does not apply where the servant has equal knowledge, or equal opportunities therefor, with the master.   p. 587.

4. **Railroads.**—*Servant.*—*Alighting from Moving Car.*—*Obedience to Orders.*—Where a servant, upon the order of the defendant railroad company's construction foreman, alights from a moving car, and is injured thereby, the servant being able to see the track and place of alighting as well as the foreman can, he cannot recover.   p. 587.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by John Sanders against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. C. Field, H. R. Kurrie, Perry McCart* and *W. J. Buskirk,* for appellant.

*M. B. Hottel, F. P. Cauble* and *W. W. Hottel,* for appellee.

Roby, J.—Action for recovery of damages by appellee, who was in appellant's service as a section man, on account of injuries received by him in leaving a moving train in obedience to the order of the section foreman. The case was tried without a jury, a special finding of facts made, with conclusions of law, and judgment rendered for $1,000.

The findings show that appellee went along appellant's railway and did certain work under the order of the foreman, and was by him ordered to get upon a designated train with the rest of the section gang to return home; that when the train neared Norris, the place where the section men were to get off, the conductor asked the foreman if he must stop the train to let the men off. The foreman said: "No we will get off," saying: "Get off boys." At this time the train was running six or eight miles an hour. In obedience to said order the section men, including appellee and the foreman, got off the train. In alighting the appellee struck a stone wall, built to protect the grade from the flow of water, and was injured. It was found that appellee did not know the condition of the right of way, that the order given by the foreman was negligent, that the injury to appellee was caused by such negligence, and that he was in the exercise of care.

It was a question of fact whether the order to leave the moving train was, under all the circumstances, a negligent one. *Harris* v. *Pittsburgh, etc., R. Co.* (1904), 32 Ind. App. 600. Whether appellee in obeying it was negligent, was also a question of fact. *Pittsburgh,*

*etc., R. Co.* v. *Miller* (1904), 33 Ind. App. 128.  Both of these issues are found against appellant.  In other words, it is found that the foreman was negligent in giving

2.  the order and that the employe was not negligent in obeying it.  Some ground of distinction is furnished by the further findings that the foreman was, and the appellee was not, familiar with the conditions.  The conclusions of law upon facts which show such a distinction cannot be said to be erroneous, but by the motion for a new trial the sufficiency of the evidence to sustain the findings is presented.  The only witness examined by either party was the plaintiff.  He testified in part as follows: "The train was going about six or eight miles an hour when I got off. At this place the right of way along the side of the track was rough.  There is a rock wall between the ditch and the ties.  I got off on the side next to the wall.  It is just a narrow place, about two feet wide.  I thought I could get off safely, or I would not have undertaken it.  I was careful in getting off.  I fell so quickly, I did not know just how it happened."

The employe who receives a specific command or direction may rely upon the presumption that he will not be ordered into danger, but such presumption does not apply

3.  when all the facts are known to him and the danger is perfectly obvious.  *Shaver* v. *Home Tel. Co.* (1905), 36 Ind. App. 233, 114 Am. St. 373; *Chicago, etc., R. Co.* v. *Tackett* (1904), 33 Ind. App. 379.  The appellee had equal opportunity with the foreman for knowing whether it was safe to alight from the moving train at that place.

4.  The conditions were open and obvious, the train was moving slowly, and appellee's judgment at the time was that it was safe to get off or he "would not have undertaken it."  There is nothing in the evidence justifying a finding of negligence on the part of the foreman and at the same time of freedom from negligence by the appellee.  Their opportunities to determine the fact were at least equal.  Ap-

pellee was entirely capable of forming an intelligent judgment, and of acting upon such judgment, so that the deduction that both were negligent or that neither was, is unavoidable. The finding is not, therefore, supported by the evidence.

Judgment reversed, and a new trial ordered.