IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1918, AND NOVEMBER TERM,
1918, IN THE ONE HUNDRED SECOND YEAR
OF THE STATE.

---

### VANDALIA RAILROAD COMPANY *v.* KENDALL.

[No. 9,525.   Filed June 5, 1918.]

1. APPEAL.—*Review.—Exceptions.—Identity.—Waiver.*—In a servant's action under the federal Employers' Liability Act for injuries sustained in attempting to board a moving train as ordered by his foreman, the objection on appeal that the complaint discloses that the proximate cause of the plaintiff's injury was the slipping of his foot, and not the giving of the order to board the train, is inconsistent with the objection that the plaintiff assumed the risk and was guilty of contributory negligence, urged below in the memorandum to a demurrer challenging the complaint on the ground of insufficiency of facts; hence such objection is of no avail, in view of Acts 1911 p. 415, §344 Burns 1914. p. 5.

2. MASTER AND SERVANT.—*Injuries to Servant.—Order to Board Master's Train.*—In a servant's action under the federal Employers' Liability Act, where the complaint alleged in substance that the plaintiff was employed as a lineman and had the right to ride on the defendant's trains, that his foreman negligently ordered him to board the moving train in order to go to another point on the defendant's road to work, and that in attempting to get on the train his foot slipped and he fell to his injury, it was not necessary to show that the foreman's order was of a formal imperative character.   p. 8.

3. MASTER AND SERVANT.—*Injuries to Servant.—Special Order of Foreman.—Order of Master.*—The order by a line foreman to a lineman to board a moving train in order to go to another

part of the line for work was a special order; and the giving of such order was the business of the master. p. 8.

4. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.—Jury Question.*—Whether a line foreman, in ordering a lineman to board a moving train, was negligent under the circumstances was a question for the jury. p. 8.

5. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employers' Liability. Act.—Assumption of Risk.*—Under the federal Employers' Liability Act, assumption of risk as a defense is removed only in cases where the violation by the common carrier of a statute enacted for the safety of employes contributed to the injury. p. 8.

6. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.*—A servant injured while obeying a direct command of the master does not assume the risk, unless the danger is so great and imminent that a reasonably prudent person would not assume it. p. 9.

7. MASTER AND SERVANT.—*Injuries to Servant.—Order to Board Train.—Servant's Appreciation of Danger.—Jury Question.*—Whether a servant fully understood and appreciated the danger of obeying an order of the master is ordinarily a question for the jury. p. 10.

8. MASTER AND SERVANT.—*Injuries to. Servant.—Assumption of Risk.*—Where one clothed by the master with authority to direct the work and a servant to whom directions are given do not stand upon an equal footing, it cannot be said as a matter of law that the servant is precluded recovery on the grounds that he assumed the risk. p. 11.

9. MASTER AND SERVANT.—*Injuries to Servant.—Proximate Cause. —Jury Question.*—In a servant's action for injuries sustained in attempting to board a moving train, whether the order of the foreman to board the train was the proximate cause of the injuries was a question for the jury, there being some evidence supporting the verdict on that issue. p. 11.

From Marion Superior Court (91,925); *Linn D. Hay,* Judge.

Action by Hamar A. Kendall against the Vandalia Railroad Company. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*Pickens, Moores, Davidson & Pickens* and *D. P. Williams,* for appellant.

*Wymond J. Beckett* and *William F. Elliott,* for appellee.

IBACH, J.—Appellee recovered judgment against appellant for damages on account of personal injuries received by him while in its employ. Appellant is a consolidated corporation and operates and controls a railroad extending into and through the States of Indiana, Illinois, and Missouri, and at the time appellee received his injuries was a common carrier and engaged in commerce between the said states. Appellee received his injuries while he was employed by appellant in interstate commerce.

On April 4, 1913, appellee was employed by appellant and engaged in the repair of its telegraph wires and lines. While in such employ appellee had the right and privilege to ride upon appellant's freight trains and engines in moving from one part of the line to another. On said date one Ralph Anderson was also in appellant's employ. Anderson had the right to direct appellee in his work, where he should work, and what work he should do. Appellee was bound to obey and conform to any order or direction of said Anderson, and did obey and conform to his orders. In going to and from places of work on appellant's road appellee did ride upon its engines and cars, both freight and passenger. On the date given appellee was at work for appellant under the direction of Anderson in the city of Terre Haute, and the latter was riding upon "the locomotive of a freight train that was moving through the city of Terre Haute at about the rate of four or five miles an hour * * * While said train was so moving * * * Anderson *negligently* ordered and directed this plaintiff to board said train in order to go to another

point on defendant's road to perform work and labor, and that he obeyed said order and direction of said Anderson and attempted to get onto said freight train * * * and that while attempting to board said freight car, as aforesaid, his foot slipped and he fell from and under said train and was injured. * * * That he was injured by reason of the said negligence of said Anderson, said injury resulting from his obedience and conformity to the said order of said Anderson to board said moving train.''

Omitting the description of appellee's injuries and mere formal parts, the substance of the second paragraph of complaint (upon which the cause was tried) is as above stated.

Appellant demurred to this complaint for want of facts, and in its memorandum pointed out two objections, viz.: ''(1) Upon the facts alleged in this paragraph the plaintiff's injury resulted from his risk in attempting to board the moving engine, which risk was a risk of his employment, and there was no violation by the defendant of a statute enacted for the safety of employes. (2) The facts alleged show that the injuries of the plaintiff were caused by his own contributory negligence.''

This demurrer was overruled and general denial filed. There was a trial by jury and verdict for appellee. Appellant assigns as error the ruling on the demurrer and the overruling of its motion for a new trial.

Prior to filing his brief on the merits appellee moved to dismiss this appeal on the grounds that appellant's brief presents no question. The ruling on such motion was reserved until now. Without going into detailed discussion we have examined appel-

lant's brief in connection with appellee's objections and conclude that, while subject to criticism, it is sufficient to present some question. To the extent that the questions can be determined they will be considered.

Appellee claims that no question is presented by the first assignment for the reason that the objection now urged is not the objection urged in the trial court, and that the objections there made are waived.

The objection here presented is as follows: "The complaint discloses that the proximate cause of appellee's injury was the slipping of his foot and not the giving of the order to board the train."

1. Appellant admits that it did not use the language of the objections in the memorandum, but insists that the objection just quoted is in effect and substantially the same as the points raised under its demurrer in the trial court. The objections in the trial court were in brief that appellee assumed the risk and was guilty of contributory negligence. The position now taken would render both of the original objections immaterial, as the complaint might be sufficient with respect to both and yet be defective as to the objection relied on. It seems to us that the position here is inconsistent with that taken in the trial court, and therefore forbidden not only by the express statute, but by a long line of holdings as well. Acts 1911 p. 415, §2, §344 Burns 1914; *Stiles* v. *Hasler* (1913), 56 Ind. App. 88, 92, 93, 104 N. E. 878; *Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 278, 279, 108 N. E. 174, 109 N. E. 411; *Carter* v. *Caldwell* (1915), 183 Ind. 434, 436, 109 N. E. 355, and cases cited.

Appellant claims the verdict is not sustained by

sufficient evidence and is contrary to law. The particular objections are: (1) That the order was not a negligent one; (2) that the evidence shows that the injuries were not caused either in whole or in part by the negligence of appellant, but were caused by the slipping of appellee's foot in boarding the engine; (3) that appellee assumed the risk of slipping on the stirrup.

The following evidence is pertinent to these questions: Appellee was a lineman and his duties were to put up telephone and telegraph wires and to start signal wires. He had worked for appellant company for about a month prior to his injury. Prior to the day of his injury he was working with a gang, and on the particular day was left to help a man named Anderson. Anderson was the division lineman for that part of appellant's system just west of the city of Terre Haute where the injury occurred. Appellee had permission to ride appellant's trains, but it was no part of his duty to get on or off moving trains. The instructions of the foreman of the gang were that he (appellee) was to stay and work with Anderson, "assist the division lineman." Left him "under." Anderson. Appellee first met Anderson at the station, where he said to appellee, "We will go to West Terre Haute." The line at this point was torn down by the flood for quite a distance. After working in this vicinity until almost noon appellee went to where they had unloaded a boat for the purpose of assisting in putting it in the water for use in their work, when a train came along with Anderson and a man named Ritzell on the front of the engine. They had gone back to Terre Haute and obtained some shelter boxes and had these on the engine with them. Appellee had

found some tools lost by Anderson and stepped across the track to the north side to give them to him when Anderson motioned him to the other side of the track. When they got a little closer Anderson told him to "Get on, get on," which appellee immediately attempted to do. The train was running not more than five or six miles an hour. He tried to get on just an instant after Anderson told him to,—on the first car back of the engine. He had with him his lineman tools and a pair of blocks. "I got on at the side ladder, as they call it, and stepped up to a kind of brace they have around in there to step on—I just stepped on that with one foot, and I never got any further; I fell." When Anderson told him to get on he was "right on the other side of the engine * * * 20 or 30 feet." The track was sandy at this point and was wet down on the edge where the water was and where they had been working. It was not very firm because it had just been filled in there. "I supposed they were going down to put up the shelter boxes. All the idea I could have had was from the boxes on the front end of the train."

The statute (Act April 22, 1908, as amended, Act April 5, 1910, 35 Stat. at L. 65, 36 Stat. at L. 291), so far as applicable here, provides in brief that all common carriers engaged in interstate commerce shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce for such injury resulting in whole or in part from the negligence of any of the officers, agents or employes of such carrier; that in all actions brought thereunder contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence at-

tributable to such employe; that in any action brought against any common carrier under or by virtue of any of the provisions of such act to recover damages for injuries to any of its employes, such employe shall not be held to have assumed the risks of his employment in any case where the violation of such common carrier of any statute enacted for the safety of employes contributed to the injury of such employe.

Under the theory of the complaint it was not necessary to show that the directions to board the train were of a formal imperative character. *Stephens* v. *Hannibal, etc., R. Co.* (1888), 96 Mo. 207, 9 S. W. 589, 9 Am. St. 336; *Pickett* v. *Quincy, etc., R. Co.* (1911), 156 Mo. App. 272, 137 S. W. 636. The order in this case was a special one. The giving of a special order in furtherance of the master's business is the business of the master. *Standard Cement Co.* v. *Minor* (1913), 54 Ind. App. 301, 100 N. E. 767.

Whether or not the order or direction given to board the train was negligent under the circumstances was for the jury. *Chicago, etc., R. Co.* v. *Sanders* (1908), 42 Ind. App. 585, 86 N. E. 430; *Republic Iron, etc., Co.* v. *Berkes* (1903), 162 Ind. 517, 70 N. E. 815.

Under the federal act assumption of risk as a defense is removed only in cases where the violation by the common carrier of a statute enacted for the safety of employes contributed to the injury. *Cincinnati, etc., R. Co.* v. *Gross* (1913), (Ind. App.) 111 N. E. 653; *Seaboard Air Line Railway* v. *Horton* (1913), 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C 1, Ann. Cas. 1915B 475.

A great deal of confusion will be found among the decided cases on the effect of an order by the master, or his agent having authority to direct a certain work, upon the defense of assumption of risk.

6. The rule adopted in this state seems to be that if a servant is injured while obeying a direct command of the master he will not be held to assume the risk, unless the danger is so great and imminent that a reasonably prudent person would not assume it. *Mellette* v. *Indianapolis, etc., Traction Co.* (1909), 45 Ind. App. 88, 86 N. E. 432; *Brazil Block Coal Co.* v. *Hoodlet* (1891), 129 Ind. 327, 336, 27 N. E. 741. The reasoning for this view is that by giving the direct command to perform the work the master takes upon himself the risks which otherwise would be assumed by the servant. The servant does not stand on the same footing with the master. His primary duty is obedience, and, if when in the discharge of that duty he is damaged through the neglect of the master, it is proper that he should be recompensed. It is upon this inequality of positions that it is held that a prudent man has a right, within reasonable limits, to rely upon the ability and skill of the agent in whose charge the common master has placed him, and is not bound at his peril to set his own judgment above that of his superior. *Republic Iron, etc., Co.* v. *Berkes, supra; Standard Cement Co.* v. *Minor, supra; Brazil Block Coal Co.* v. *Hoodlet, supra.* See, also, *Wells, etc., Co.* v. *Kapaczynski* (1905), 218 Ill. 149, 75 N. E. 751; *Chicago, etc., Brick Co.* v. *Sobkowiak* (1894), 148 Ill. 573, 36 N. E. 572. In the case last cited the court uses this language: "When an act is performed by a servant in obedience to a command from one having authority to give it, and the performance of the act is attendant with a degree of

danger, yet in such case it is not requisite that such servant shall balance the degree of danger, and decide with absolute certainty whether he must do the act, or refrain from it * * *."

In considering the question a distinction is made between an order in the nature of a general direction as to the work which would not have in it anything of coercion whatsoever, while the danger might be one thoroughly known and appreciated by the servant, and an order which might be of such an urgent character and given in such a direct and imperious manner that the servant's free will would be, in part at least, overcome. *Standard Cement Co.* v. *Minor, supra; Stucke* v. *Orleans R. Co.* (1898), 50 La. Ann. 172, 188, 23 South. 342; *Lee* v. *Woolsey* (1885), 109 Pa. St. 124. In the case last cited it is said: "If an employe is in haste called upon to execute an order requiring prompt attention, he is not to be presumed necessarily to recollect a defect in machinery, or a particular danger connected with his employment, so as to avoid it. A prompt and faithful employe suddenly called upon by a superior to do a particular act cannot be supposed to remember at the moment a particular danger incident to its performance, of which he had previous knowledge; and it would be most unreasonable to demand of him the thought and care which might be exacted when there is more time for observation and deliberation." See also Wharton, Negligence (2d ed.) §219.

Whether or not the servant fully understood and appreciated the danger of obeying an order is ordinarily a question for the jury. *Shannon* v. *Shaw* (1909), 201 Mass. 393, 87 N. E. 748; *Cook* v. *St. Paul, etc., R. Co.* (1885), 34 Minn. 45, 24 N. W. 311.

Where the servant clothed by the master with the authority to direct the work and the servant to whom the directions are given do not stand upon an

8.    equal footing, it cannot be said as a matter of law that the servant is precluded recovery upon the ground that he assumed the risk. *Chicago, etc., R. Co.* v. *Sanders, supra.*

The question of proximate cause was one for the jury. There is evidence from which the jury could find that the giving of the order was the proxi-

9.    mate, or at least a concurring, cause of the injury. *Davis* v. *Mercer Lumber Co.* (1904), 164 Ind. 413, 423, 73 N. E. 899; *King* v. *Inland Steel Co.* (1911), 177 Ind. 201, 96 N. E. 337, 97 N. E. 529; *Louisville, etc., Lighting Co.* v. *Hynes* (1910), 47 Ind. App. 507, 91 N. E. 962; *Beaning* v. *South Bend Electric Co.* (1909), 45 Ind. App. 267, 90 N. E. 786. Taking the evidence as a whole, it is sufficient to sustain the verdict of the jury, and the verdict is not contrary to law.

It is finally insisted that the court erred in the giving of instruction No. 11. It is claimed that this instruction is erroneous because the jury were in effect informed that appellee *did not assume the risk* of complying with said order *if he used reasonable care.* The instruction was applicable to the facts, and, when considered with the other instructions and the legal principles herein announced, it was not erroneous. *Brazil Block Coal Co.* v. *Hoodlet, supra.*

No reversible error being shown, the judgment of the trial court is affirmed.

NOTE.—Reported in 119 N. E. 816. Master and servant: negligence as a defense under federal Employers' Liability Act, notes 47 L. R. A. (N. S.) 61, and L. R. A. 1915C 65; assumption of risk as a defense under federal Employers' Liability Act, notes 47 L. R. A. (N. S.) 62 L. R. A. 1915C 69.