KENNEDY *v.* SOUTHERN FIRE BRICK AND CLAY COMPANY, INCORPORATED.

[No. 12,963.   Filed December 16, 1927.]

NEGLIGENCE.—*Failure to stop machinery was not negligence where evidence did not show defendant's knowledge of existing peril of injured party.*—The owner and operator of a clay-working plant was not liable for the death of a seventeen-year-old boy who, on visiting the plant, was invited by an employee thereof to help him clean a clay bin and, while engaged in said work, was caught in a "cave-in" of the clay and smothered to death, where the only negligence charged was failing to stop the machinery after knowledge of the perilous condition of the boy, but the evidence did not show that such operator, or any of its employees with authority to stop the machinery, had any knowledge of such peril.

From Vigo Superior Court; *William T. Gleason,* Judge.

Action by George V. Kennedy against the Southern Fire Brick and Clay Company, Incorporated. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Benjamin F. Stephenson* and *Clay A. Phillips,* for appellant.

*Charles S. Batt* and *Louis R. Hilleary,* for appellee.

ENLOE, J.—This action was brought by the appellant to recover damages on account of the death of his minor son, Virgil Kennedy, aged about seventeen years, who

came to his death at the plant of appellee, located near the town of Montezuma.

The original complaint was in one paragraph, to which an answer in general denial was filed. The cause was submitted to a jury, and, at the close of the testimony offered on behalf of appellant, he asked and obtained leave to file an amended first paragraph of complaint and also a second paragraph of complaint, in order that, as he says, the allegations of the complaint would conform to the evidence. The appellant then announced that he rested his case, the appellee requested the court to instruct the jury to find for the defendant, which request was granted and the jury so instructed. The appellant's motion for a new trial having been overruled, he now prosecutes this appeal upon an assignment of error which requires a consideration of the matters hereinafter noticed.

The evidence which is in the record discloses, without dispute or controversy, the following facts, viz.: The deceased was, at the time of his death, about seventeen years of age; he lived at home with his parents in the town of Montezuma; on the day of his death, he had gone to the plant of the appellee to seek employment, at which plant his father and one brother were then employed; that, after he arrived at the plant, not finding the superintendent there, he walked about and visited several different portions of said plant; that he conversed with different persons whom he knew, employees at said plant; that in said plant are several bins in which dried and pulverized fire clay is stored, these bins being about fifty feet long, twenty feet wide, and twenty feet deep, with the sides thereof near the bottom drawn in so as to form a kind of hopper; that in the bottom of the bin in which said son met his death, there were two openings, through which said fire clay, it being of the consistency of flour, passed out of

said hopper; that one of the employees of appellee, a boy friend of the deceased, had been instructed on that morning to "clean out" the bin involved herein; that this employee had come out of said bin, temporarily, to rest, at the moment the deceased came upon the scene; that he invited the deceased to enter said bin with him and to help him clean out said bin, one resting while the other used the shovel; that shortly after deceased entered said bin, the clay therein "caved," caught the deceased, knocking his feet from the board on which he was standing and piling up around his limbs nearly to his knees, from which situation he was unable to extricate himself and was drawn down into said clay and smothered.

Various acts of omission are attempted to be charged as acts of negligence against the appellee, but the only valid charge of negligence contained in the complaint is the allegation that, "after this defendant was cognizant of the fact that the aforesaid Virgil Kennedy was in imminent peril and great danger said defendant continued to operate its machinery and plant for a long period of time, to wit, for a period of fifteen minutes," whereby said Virgil Kennedy was drawn into said clay and smothered to death.

The above charge of negligence is and must be predicated upon knowledge of the appellee of the imminent peril or great danger of the said deceased—knowledge of his perilous situation from which he could not reasonably be expected to extricate himself. If there was no knowledge, either actual or constructive, there could be no negligence as to the matter charged.

The only testimony which in any way bears upon this charge was given by the witness Foos, the employee who asked the deceased to help him shovel said clay. He testified that after said clay had "caved" and he saw that it had caught the deceased, he "rang a bell"; that

he twice thereafter rang said bell before the machinery stopped.    There is no evidence as to the kind, character, or use for which the said bell was intended, or where the same was located.    There is no evidence that it was an alarm or signal bell to the engineer or person in charge of the operating of the machinery, signalling him to stop the machinery.    Also, there is no evidence that said alarm, given as testified to by said witness was heard by any one having authority, or whose duty it was to stop said machinery upon hearing said bell. The evidence wholly fails to establish any negligence, as against appellee.

Other alleged errors are presented by the appellant, but, as there was a failure of proof, as to the essential fact, as above noted, other alleged errors are of no controlling influence, and the court did not err in giving said instruction.

Affirmed.

Dausman, J., absent.