ABENT *v.* MICHIGAN CAB CO.

1. AUTOMOBILES—TAXICABS—DOOR JAMBS—FINGERS—CONTRIBUTORY NEGLIGENCE.

Plaintiff, a passenger alighting from rear door of a taxicab, whose fingers were pinched in door jamb when front door was closed *held,* as a matter of law, guilty of contributory negligence proximately causing his injury.

2. SAME — TAXICAB DRIVER — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE OF PASSENGER.

Fact that taxicab driver sometimes looked to see if passengers did not have their fingers in the door jamb but did not look upon occasion involved *held,* not to relieve plaintiff from consequences of his own negligence in placing his fingers on door jamb where they might be injured.

Appeal from Ingham; Hayden (Charles H.), J. Submitted April 21, 1937. (Docket No. 21, Calendar No. 39,348.) Decided May 21, 1937.

Case by Adolph Abent against Michigan Cab Company, a Michigan corporation, and Hollis M. Mosher for personal injuries sustained by the closing of a taxicab door. Verdict and judgment for plaintiff. Defendants appeal. Reversed without a new trial.

*William C. Brown* and *Roy T. Conley,* for plaintiff.

*Kelley & Seelye,* for defendants.

WIEST, J. Plaintiff, in alighting from the rear doorway of a taxicab, placed one foot on the running board and, to steady himself, took hold of the standard to which the opened front door was hinged, with

the finger tips of his right hand in the door jamb or crack and, when the driver closed the door, his finger tips were pinched and injured.

This suit was brought to recover damages and upon trial by jury plaintiff had verdict and judgment thereon. The motions of defendants for a directed verdict and judgment *non obstante veredicto* were denied. Upon review only one error need be considered.

Under our previous holdings plaintiff was guilty of negligence, the proximate cause of his injury. Ordinarily a door jamb or crack is no place for fingers.

The fact, if true, that the driver sometimes looked to see that passengers did not have their fingers in the door jamb, but did not look on this occasion, does not relieve plaintiff from the consequences of his own negligent act.

There was no allegation that the driver wilfully caused the injury. Plaintiff was not alighting from the front doorway but by the rear doorway and that door was hinged at the rear of the car.

The case is ruled by our holdings in *Camp* v. *Spring,* 241 Mich. 700; *Kerr* v. *City of Detroit,* 255 Mich. 446; *McIntyre* v. *Kunsky Theatres Corp.,* 256 Mich. 634.

The judgment is reversed without a new trial and, with costs to defendants.

Fead, C. J., and North, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.