HI-SPEED AUTO WASH, INC. *v.* PATRICK SIMERI.

[No. 3-574A77. Filed May 10, 1976.]

*Arthur A. May, Terry V. Lehr, Crumpacker, May, Levy & Searer,* of South Bend, for appellant.

*Charles A. Sweeney, Jr., Roemer, Sweeney, Butler & Simeri,* of South Bend, for appellee.

GARRARD, J.—Appellee Simeri recovered a judgment for personal injury sustained at Hi-Speed's carwash. Hi-Speed's appeal challenges the sufficiency of the evidence to establish negligence. It also asserts that if it was negligent *a fortiori,* Simeri was contributorily negligent. We find the evidence

was sufficient to go to the jury on both questions. Accordingly, we affirm.

The evidence disclosed that Simeri had patronized the carwash on previous occasions. On March 27, 1973, he drove to the carwash to have his automobile washed and cleaned. He drove into the entrance and stopped where a sign indicated. An attendant then opened the doors. As Simeri got out, attendants were waiting to clean the inside of the car.

Simeri walked around to the right side of the car where he noticed that a piece of chrome trim on the right front fender was loosened just forward of the door jamb. He bent down next to the car, pointed to the loose spot with his left index finger, and asked an employee of Hi-Speed, who was standing to Simeri's right and slightly behind him, whether the strip of chrome would be knocked off in the washing process. At this time, another Hi-Speed employee closed the car door, severing the tip of Simeri's finger and causing the injury sued upon.

Both prongs of Hi-Speed's argument rely to some extent upon the concept that under certain circumstances, if the defendant was negligent, the plaintiff must also have been negligent; or conversely, if plaintiff was not contributorily negligent, then defendant's conduct could not have been negligent either. The basis for the concept arises from the fact that the standard of care applied to each is the objective requirement of "ordinary" or "reasonable" care under the circumstances. *See, e.g., Hunsberger* v. *Wyman* (1966), 247 Ind. 369, 216 N.E.2d 345; *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 44 N.E.2d 93; and *Stallings* v. *Dick* (1965), 139 Ind. App. 118, 210 N.E.2d 82.

Of course, it is proper for counsel to argue that under a given set of facts and because of the requirement that both plaintiff and defendant exercise reasonable care, the jury should determine *as a question of fact* that either both exercised reasonable care or neither one

did. Yet, the simple logic of such an argument must not obscure the issues presented on appeal when the trier of fact concludes otherwise. Our review is limited to determining whether the jury, as a matter of law, could not have arrived at its conclusion upon the evidence presented at trial. As stated more frequently, was there any evidence possessing probative value which, if credited by a jury of reasonable persons, would justify the conclusion reached as reasonable? In this regard, it is to be recalled that the burden of proving negligence is on the plaintiff. Proving contributory negligence rests with the defendant. Accordingly, our review should first determine whether the evidence supports a finding that the defendant was negligent and should then consider the determination that the plaintiff was not contributorily negligent. The latter inquiry includes consideration of whether the plaintiff's conduct was such that *as a matter of law* it must be considered negligent. In a proper case, this includes a comparison of the defendant's conduct, which the trier of fact must have found to be negligent if it made an award.

In the present case, there is no question that Hi-Speed owed a duty of ordinary care to Simeri. The jury could have determined this duty was breached when Hi-Speed's employee saw Simeri kneeling by the opening between the front door and the front fender with his finger near the opening and yet proceeded to slam the door shut without giving warning or otherwise attempting to determine that Simeri was safe.

Hi-Speed, however, urges that the uncontradicted testimony of its employees was that they were unaware that Simeri's finger was in the door opening. Hi-Speed urges that in the absence of any knowledge that Simeri was in danger or peril, it cannot be charged with negligence.

In *Hunsberger* v. *Wyman* (1966), 247 Ind. 369, 373, 216 N.E.2d 345, 348, our Supreme Court, citing *Kennedy* v. *Southern Fire Brick & Clay Co., Inc.* (1927), 86 Ind. App. 629, 159 N.E. 1, stated,

"Where there is no knowledge, actual or constructive, of danger or peril on the part of the defendant, he cannot be charged with negligence."

In *Hunsberger,* the plaintiff was injured when, after unsuccessfully attempting to cut the bed from an old truck belonging to defendant, he struck the truck bed with an axe and it fell on him. The trial court directed a verdict for the defendant which was affirmed on appeal. After discussing the equality of knowledge possessed by the parties and emphasizing that both the actual cutting and the use of the axe were the affirmative acts of plaintiff done on his initiative, the court made the above-quoted statement to underscore that under those circumstances, plaintiff was necessarily guilty of contributory negligence if it could be assumed that the defendant was negligent in permitting him to proceed.

In the *Kennedy* case, cited in *Hunsberger,* the court affirmed a judgment for the defendant. There the plaintiff's decedent was killed when trapped in a clay storage bin in defendant's factory. It was alleged that defendant was negligent in continuing to operate its machinery after the young decedent became trapped. The court pointed out that the decedent was not an employee and that the verdict was proper since the defendant had neither actual nor constructive knowledge of his position of peril during the time in question. In other words, the defendant could not have failed to exercise reasonable care toward the decedent by continuing to operate its machinery where it had neither actual nor constructive knowledge of the decedent's presence.

In the present case, Hi-Speed's employees had actual knowledge of Simeri's presence and the close proximity of his hand to the opening between the door and the fender. The jury could reasonably have concluded that this provided actual or constructive knowledge that Simeri would be imperiled by a sudden closing of the door and that Hi-Speed was negligent in closing the door without

warning or other precaution. Accordingly, there was evidence to sustain the finding that Hi-Speed was negligent.

We turn then to consideration of whether Simeri was guilty of contributory negligence as a matter of law.

Hi-Speed points out that Simeri was, also, required to use reasonable care, and that as the court stated in *Hunsberger,*

"A person who knows and appreciates, or in the exercise of ordinary care should have known and appreciated, the existence of danger from which injury might reasonably be anticipated must exercise ordinary care to avoid injury, and a person who by his voluntary acts or omissions exposes himself to danger of which he has actual or imputed knowledge *may* be guilty of contributory negligence." (Our Emphasis) 247 Ind. 369, 373-4, 216 N.E.2d 345, 348. *See, also Hedgecock* v. *Orlosky, supra.*[1]

Hi-Speed argues that Simeri was familiar with the carwash and knew that the door was going to be closed. Thus, if Hi-Speed was to be charged with knowledge of Simeri's peril, Simeri should also have been aware of it and he was thus contributorily negligent in having his finger where it would be caught.

Of course, Hi-Speed correctly asserts that Simeri was bound to use reasonable care. Furthermore, it seems apparent that the jury might factually have found him guilty of contributory negligence. However, it did not.

Thus, the inquiry under *Hunsberger* and *Hedgecock* is not whether the jury might have found Simeri contributorily negligent, it is whether no reasonable jury could have found otherwise. Such is the conclusion if his knowledge and appreciation of the peril equaled or

---

1. *Stayton* v. *Funkhouser* (1970), 148 Ind. App. 75, 263 N.E.2d 764, also cited by appellant, appears to have little value in the present case. In a divided opinion, two judges there found no duty, one found duty but no evidence of breach, and the fourth judge concurred in result only.

surpassed that of Hi-Speed. We must, therefore, consider whether the jury might have found Simeri's knowledge not equal to that of the Hi-Speed employee.

The notable thing about the decisions dealing with this question is that where the plaintiff was held guilty of contributory negligence as a matter of law, he engaged in some act whereby, *with respect to the defendant,* he precipitated his own injury.

In *Hunsberger,* the plaintiff elected to hit the truck with the axe.

In *Hedgecock,* the plaintiff was suing the driver of a vehicle that plaintiff had collided with for injuries sustained while plaintiff was standing between the vehicles trying to separate them. The injuries resulted from a third car striking the rear of plaintiff's vehicle.

Similarly, in *Stallings* v. *Dick* (1965), 139 Ind. App. 118, 210 N.E.2d 82, plaintiff was attempting to stand on the rear bumper of one defendant's car while it was being pushed by the other defendant's truck.

We believe the crucial factor in each of these cases was the absence of any evidence from which a jury of reasonable persons might have concluded that the plaintiff was entitled to *rely* upon the defendant's exercise of reasonable care as being sufficient to protect his safety, so that his own exercise of care might factually be found reasonable.[2]

Was there anything in the actions or relationships of these parties from which the jury might reasonably have concluded that Simeri was not guilty of contributory negligence in having his finger where it was when the door was closed?

2. The fact that one engaged in dangerous activity does not, under the reasonable care standard, mandate a findng of negligence. *Cheek* v. *Jordan* (1960), 131 Ind. App. 127, 169 N.E.2d 608.

To answer this question, two additional considerations must be borne in mind.

It is not mere knowledge of the condition that will charge a party with negligence. He must also appreciate the peril. *Rouch* v. *Bisig* (1970), 147 Ind. App. 142, 258 N.E.2d 883; *Riesbeck Drug Co.* v. *Wray* (1942), 111 Ind. App. 467, 39 N.E.2d 776.

Moreover, the general rule is that an actor, until he has notice to the contrary, has the right to assume that others owing him a duty of reasonable care will exercise reasonable care toward him. *Robertson Bros. Dept. Store* v. *Stanley* (1950), 228 Ind. 372, 90 N.E.2d 809; *Rouch* v. *Bisig, supra.*

Applied to the facts before us, the jury could have determined that Simeri's knowledge of the danger did not equal or exceed that of Hi-Speed. It could have found that while the Hi-Speed employee knew he was going to slam the door, Simeri did not know it. It could further have found Simeri entitled to rely upon Hi-Speed employees using reasonable care to avoid injuring him. Thus, it could have determined that he was not guilty of contributory negligence in having his finger near the door opening because he had no notice or cause to believe that the door would be slammed without the Hi-Speed employee first exercising reasonable care to insure that he would not be injured when the door was shut.

We cannot say that no reasonable jury could have drawn such conclusions. We therefore affirm the judgment.

Hoffman, J., dissents with opinion; Lybrook, J., sitting by designation, concurs.

### DISSENTING OPINION.

HOFFMAN, J.—I am unable to agree with the result reached by the majority opinion in this case.

From the facts set out in the majority opinion it is not disputed that both parties knew the automobile door was going to be closed. Both were in an equal position to know that appellee's finger was in a dangerous position. Both parties had a duty to exercise ordinary and reasonable care to avoid injury.

In *Hunsberger* v. *Wyman* (1966), 247 Ind. 369, at 374-75, 216 N.E.2d 345, at 348-49, our Supreme Court stated:

"In this case we have two parties with the same knowledge and the same opportunity for knowledge. They each have the same duty to exercise reasonable care, which includes the duty to see and appreciate what can be seen and appreciated and to avoid danger. If the appellant as he testified, had no knowledge of any peril or danger, it seems impossible that the appellee could be charged with any knowledge of peril or danger to require some other action. Appellant has been unable to point out any action, omission, or condition which could be urged as negligence that was not also fully known to the appellant himself. Since the same standard must be imposed on both parties, it cannot be said that the duties upon appellee are greater than those upon the appellant.

"In the case of *Chicago, Etc. R.Co.* v. *Sanders, supra,* [(1908), 42 Ind.App. 585, at 587-88, 86 N.E. 430], the Appellate Court stated:

'. . . There is nothing in the evidence justifying a finding of negligence on the part of the foreman and at the same time of freedom from negligence by the appellee. Their opportunities to determine the fact were at least equal. Appellee was entirely capable of forming an intelligent judgment, and of acting upon such judgment, so that the deduction that both were negligent or that neither was, is unavoidable. The finding is not, therefore, supported by the evidence.' "

This reasoning applies with equal force to the case at bar since there is nothing in the evidence justifying a finding of negligence on the part of appellant and at the same time freedom from negligence by the appellee.

Other jurisdictions have addressed this question. The Court of Appeals of Louisiana in *Zibilich* v. *National Food Stores of Louisiana, Inc.* (1960), 120 So. 2d 291, at 292, stated:

"If defendant's agent was negligent in closing the door when he did, his negligence, insofar as it related to the proximate cause of the accident and the resulting injuries, was of little importance when compared with the more causally connected negligence of the plaintiff, who unnecessarily or erroneously placed her finger in a most dangerous position, the jamb of the vehicle's door; ***." See also: *Giles* v. *Pick Hotels Corporation* (6th Cir., 1956), 232 F. 2d 887; *Abent* v. *Michigan Cab Co.* (1937), 279 Mich. 617, 273 N.W. 289.

The same reasoning should apply in Indiana.

I would reverse and remand for further proceedings.

NOTE.—Reported at 346 N.E.2d 607.