O’NIELL, Chief Justice.
 

 The plaintiffs are appealing from a judgment dismissing their suit on an exception of no cause or right of action. The purpose of the suit is to annul certain oil and gas leases of the defendant, so far as they affect one of two 40-acre subdivisions embraced in the leases. The tract in question is the NW1/4 of NE1/4 of Section 31, T. 21 N., R. 10 W., in Webster Parish.
 

 For the purpose of this decision the allegations of the plaintiffs’ petition are accepted as the facts of the case.
 

 The plaintiffs own a fractional interest, that is, 499/924 interest, in the mineral rights in the two 40-acre tracts, being the NW1/4 of NE1/4 and the SE1/4 of NW1/4 of Section 31. As that section is a regular section, the two 40-acre subdivisions are- not contiguous, of course, but have a common corner, the northeast corner of the SEj4 of NWy4 of the section being at the southwest corner of the NWJ4 of NEJ4 of the section.
 

 The defendant, Hunt Oil Company, owns in fee simple the 40 acres described as NE1/4 of NW1/4 of Section 31 which 40-acre tract, of course, is immediately west of and adjoining one of the 40-acre tracts in which the plaintiffs have their mineral interest, and is immediately north of and adjoining the other 40-acre tract in which the plaintiffs have their mineral interest.
 

 The Hunt Oil Company owns oil and gas leases covering both of these 40-acre tracts, in which the plaintiffs have their mineral interest, and owns leases covering also four adjacent 40-acre subdivisions of the same section, namely, the E1/2 of NE1/4 and SW1/4 of NE1/4 and NW1/4 of SE1/4 of Section 31.
 

 On March 20, 1940, the plaintiffs and all other co-owners of the mineral rights in the NWy4 of NEy4 of Section 31, together with the owner of the mineral rights in the
 
 *159
 
 NEJ4 of NEy4 of the section, and the Hunt Oil Company, as owner of the leases affecting the two 40-acre tracts, entered into a drilling contract and unitization agreement, by which the Hunt Oil Company was given the right to drill on and develop the 80-acre drilling unit composed of the two 40-acre tracts, for the production of oil and gas, under the terms of the leases held by the Blunt Oil Company.
 

 No development or drilling was done under the unitization agreement dated March 20, 1940. But, on July 23, 1940, another unitization agreement was entered into, by which the agreement dated March 20, 1940, was abrogated; and by this new unitization agreement the Hunt Oil Company was given the option to unitize its NE1/4 of NW1/4 of Section 31 with either of the two 40-acre tracts in which the plaintiffs have their mineral interests, that is, either the NW1/4 of NE1/4, or the SE1/4 of NW1/4 of Section 31.
 

 The Blunt Oil Company elected to unitize and did unitize its NE% of NWJ4 of Section 31 with the 40-acre tract immediately south of it, that is, the SEJ4 of NW% of the section. The agreement dated July 23, 1940, gave the Blunt Oil Company the right to drill for oil or gas either on its NEJ4 of NWi/4 of Section 31, or on whichever 40-acre tract would be unitized with it. Accordingly, the Hunt Oil Company drilled a well near the center of its NEJ4 of NWJ4 of the section. The well was drilled within the time stipulated in the unitization agreement and within the primary term of the leases held by the Hunt Oil Company. The well produced- Oil in paying quantities,' and the Hunt Oil Company paid to the plaintiffs regularly their share of % of the % royalty stipulated in the leases.
 

 The plaintiffs contend in this suit that the Hunt Oil Company forfeited its leases on the NWJ4 of NEJ4 of Section 31 by failing to drill on that 40-acre tract within the primary term of its oldest lease, and by failing to pay the annual rentals due on the three other leases affecting that 40-acre tract.
 

 The plaintiffs argue that the effect of the unitization agreement was to divide each of the leases covering the two 40-acre tracts, in which the plaintiffs have their mineral interests, into two separate leases, one lease affecting the SEJ4 of NW1^, which was unitized with the Hunt Oil Company’s 40-acre tract, and the other lease affecting the NW% of NEy, of the section, on which subdivision there has been no drilling for oil or gas. The plaintiffs contend therefore that the drilling for and production o'f oil on the Hunt Oil Company’s NEy4 of NWy4, notwithstanding it was unitized with the SEy, of NW% of Section 31, could not have the effect of continuing the leases in force so far as they covered the NWi/4 of NEy4 of Section 31.
 

 The force of the plaintiffs’ argument, that the leases covering the two 40-acre tracts in which they have their mineral interest were divided into, two separate leases by effect of 'the unitization agreement, is destroyed by a provision in the unitization agreement dated July 23, 1940, as follows: “The drilling in search of or the production of oil, gas ‘or other minerals, under the terms -of this agreement, whether on the NEyj. of NWJ4
 
 *161
 
 or on the SE}4 of NWy4, shall be taken and accepted as such drilling and production under the terms of each of the oil and gas leases above described; and so long as there may be any drilling or production on either the NEyi of NW14 or the SE% of NW& under this agreement, such drilling and production shall produce the same effect respecting the continuance of all of the leases hereinabove described in force and effect as if drilling had been done on or production secured from both the NE]4 of NW% and the SE% of NW% under the respective leases covering such tracts.”
 

 In the unitization agreement the two 40-acre tracts forming the 80-acre drilling unit are designated by letters. In accordance with the plaintiffs’ brief, and for convenience, we have substituted the corresponding government subdivisions for the letters representing them in the contract.
 

 According to the terms of the leases covering both the SE]4 of NW]4 and the NW]4 of NEy4, if the Hunt Oil Company had drilled a producing well on the SE]4 of NW14 of Section 31, instead of drilling the well on its NE]4 of NW1/^, within the primary term of the leases, the effect would have been to continue the leases in force on the NW14 of NE14 of the section. By the terms of the unitization agreement, dated July 23, 1940, the drilling of the well on the NE]4 of NWy4 of .Section 31 must be taken and accepted as the drilling and production on the SE14 of NW% of the section; which drilling and production on the' NE]4 of NWy4 -of the section, according to the unitization agreement, has had the same effect,. respecting the -continuance .of all of the leases in force, as if the drilling had been done and production secured on the SE14 of NW% of Section 31, under the leases covering also the NW]4 of NEy4 of the section. Therefore the leases affecting the NW% of NE% were continued in force on that tract by the drilling of the well on the NE14 of NWyi of the section, the same as if the well had been drilled on the SE]4 of NW]4 of the section.
 

 There is a stipulation in the unitization agreement dated July 23, 1940, which leaves no doubt that the understanding of the parties was that if the Hunt Oil Company should elect to unitize — -as in fact the company did elect to u'nitize — its NEy4 of NW% of Section 31 with the SEy4 of NWyi.of the section, the company would hot be obliged to cancel its leases so far as they affected the NWJ4 of NE]4 of the section. We refer to this stipulation in the unitization agreement dated July 23, 1940, viz.: “If Tract F [meaning the SE% of NW%. of Section 31] is not unitized with Tract G [meaning the company’s NE]4 of NWy4 of the section] in accordance with the designation by Blunt • Oil Company, Hunt Oil Company agrees to execute a release and cancellation of leases in so far as they affect Tract F [meaning the SE]4 of NW14 of Section 31].”
 

 But.it was not stipulated that if the company should elect to unitize the SE]4 of NWI/4 of Section 31 with the company’s NEy4 of of the section, the company would cancel its leases so far as they affected the NWyi-of NE]4 of Section 31, It is not reasonable, therefore, to believe .that the parties intended .that the unitization of.the
 
 *163
 
 company’s NE¡4 of NWj4 of Section 31 with the SEj4 of NW% of the section should oblige the company to cancel its leases so far as they affected the NWj^t of NEj4 of the section. If the parties had intended that when the Hunt Oil Company would elect which one of the two 40-acre tracts it would unitize with its own NEj4 of NWj4 of the section the company would be obliged to cancel its leases on the other 40-acre tract in which the plaintiffs have their mineral interests, the parties would have made that stipulation, instead of stipulating merely that if the company should elect not to unitize its NEj4 of NW1^ with the SEj4 of NW14 of the section, the company would be obliged to cancel its leases so far as they affected that 40-acre tract, namely, the SEÍ4 of NW% of the section.
 

 The judgment is affirmed.