**Neil E. MOORE, Jr.,**
**Defendant-Appellant,**

v.

**John L. MORIARTY, Plaintiff-Appellee.**

**No. 3–1079A267.**

Court of Appeals of Indiana,
Third District.

Feb. 4, 1981.

---

Tom F. Hirschauer, Logansport, for defendant-appellant.

Frederick E. Rakestraw, Brown, Brown & Rakestraw, Rochester, for plaintiff-appellee.

GARRARD, Judge.

Appellant, Neil E. Moore, Jr., appeals from a judgment ordering him to pay $22,500 to the appellee, John L. Moriarty, for damages resulting from personal injuries sustained by Moriarty while employed by Moore. Trial was conducted before the bench, and special findings and conclusions of law were entered. Moore's challenges to the trial court's findings may be summarized as follows:

1. Whether the court erred in finding that Moore was negligent in his failure to brake the truck prior to its pulling the tractor over; and

2. Whether the damages awarded were excessive.

We affirm.

### Facts

On November 29, 1974, Moriarty was employed by Moore as a farm laborer. Moore owned a Ford truck which was loaded with grain, but was not operable at that time.

Since it was imperative that the grain be delivered to an elevator, the parties decided to pull the loaded truck to a nearby elevator by the use of a tractor. Working together, they attached the truck to the tractor by means of a 16 to 20 foot log chain such that the tractor could pull the truck. Since the two vehicles were joined only by a collapsible chain, stopping was accomplished by the tractor decelerating and the truck braking to keep the chain tight. The parties proceeded to the elevator with Moriarty driving the tractor and Moore steering and braking the truck.

On returning from the elevator, the tractor struck a chuckhole causing damage to the steering mechanism and leaving Moriarty unable to control it. Although Moriarty was able to keep the tractor on the road for approximately two to five seconds, the tractor soon veered to the right off the roadway into an embankment. Before Moore was able to stop the truck, it rolled past the tractor, pulling the chain taut such that the tractor overturned. Moriarty suffered a dislocated right hip and injuries to his knee as a result of either being thrown from the tractor or jumping from it as it turned over.

As a result of this accident, Moriarty was hospitalized for twelve days although no surgery was performed and his hip was not placed in a cast. He was on crutches for two months, continued to have constant pain in his right hip and knee, and was unable to work. In March 1975, Moriarty again dislocated his hip when he fell while attempting to climb a four foot wire fence to get to a family gathering in a nearby woods. After this accident, he underwent surgery followed by a lengthy rehabilitation involving complete bed rest and several months on crutches. He suffered severe disability for approximately one and a half years and at the time of trial still did not have full use of his right leg.

## I.

Moore bases his assertion that the court erred in finding him negligent upon three grounds. First, that the evidence does not support the court's finding that he was negligent in failing to brake the truck, but rather the record indicates the accident was caused by the truck hitting a chuckhole. Second, that the doctrines of "common knowledge" and assumption of the risk operate to absolve Moore of any liability for the accident. Third, that the court held Moore to an unreasonably high degree of care in light of the doctrine of sudden emergency.

■■■ Moore's initial claim questions the sufficiency of the evidence to support the court's findings. We remind appellant that this court can neither weigh the evidence nor determine credibility of witnesses. Rather, we are limited to a consideration of only the evidence and reasonable inferences therefrom which support the judgment of the trial court. *Kruse, Kruse & Miklosko v. Beedy* (1976), 170 Ind.App. 373, 353 N.E.2d 514. Indiana Rules of Procedure, Trial Rule 52(A) mandates that a trial court's judgment be left undisturbed unless we conclude that the court's findings are "clearly erroneous." Such a conclusion may be reached only when on the entire record the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Smith v. City of South Bend* (1980), Ind.App., 399 N.E.2d 846; *Arnold v. Dirrim* (1979), Ind.App., 398 N.E.2d 442.

■■ The nature and cause of the accident are clearly questions for the trier of fact. The trial court concluded that while the tractor may have struck a chuckhole damaging its steering mechanism, the accident occurred as a result of Moore allowing the truck to run past the tractor, thus tightening the chain and causing the tractor to overturn. There is ample evidence to support this conclusion, and it is not our role to reevaluate the testimony in an effort to draw our own conclusions.

Second, Moore relies on the case of *Hunsberger v. Wyman* (1966), 247 Ind. 369, 216 N.E.2d 345, for the proposition that the parties, working together, had the identical knowledge and opportunity to discover and avert the danger, and that therefore it is not proper to hold Moore to have been

negligent and Moriarty to have been innocent. In *Hunsberger* an employer and his employee were attempting to remove the flat bed of a truck from the truck's chassis. Having cut the bed from the chassis, the plaintiff employee thought he could detach the bed completely by hitting it with an axe. His action caused the truck bed to fall over upon him. The plaintiff urged that the defendant employer was negligent in failing to provide a safe place to work and proper tools for the job, and in omitting to take any action which could have prevented the accident, such as backing a tractor against the truck bed or shoring it up.

The *Hunsberger* court concluded that, under the circumstances, both parties had the identical knowledge and opportunity for knowledge, as well as the same duty to exercise reasonable care in appreciating and avoiding the dangers related to their activity. The court thus reasoned that since both parties were performing the same task, the employer could not be negligent while his employee, who was fully capable of forming an intelligent judgment as to the risks related to hitting the truck bed with an axe, was not negligent.

However, in the instant case we lack the essential factor necessary to the holding in *Hunsberger*: we do not have two parties who were performing the same task with equal opportunities to observe the risks related thereto. While Moriarty and Moore were working together to transport the truck, their responsibilities were distinct and separate. Moriarty, as driver of the tractor, had no control over, and thus no duty with regard to, stopping the truck. The negligence at issue is Moore's failure to brake the truck, a situation entirely within his control. The holding in *Hunsberger* is thus inapplicable.

Additionally, Moore refers to language in *Hunsberger* which discusses the doctrine of assumption of the risk. Specifically, he quotes,

"It has long been settled that an employee assumes the risks necessarily incident to his employment if the danger involved is open and obvious so that he has knowledge of it or in the exercise of reasonable care should have knowledge." (citations omitted)

■ Based upon this statement and with no discussion of the relationship between the law and the facts herein, Moore concludes that Moriarty assumed the risks incident to pulling the truck. While the above correctly states the law, it is not relevant to the case at bar. One may only assume a risk as to which one has knowledge. *See generally Kroger Co. v. Haun* (1978), Ind. App., 379 N.E.2d 1004. While Moriarty may have voluntarily participated in a potentially dangerous activity, the negligence of Moore in failing to brake the truck is not the type of "known risk" contemplated by the assumed risk doctrine. That one's partner will fail to adequately perform his responsibilities is a risk consistently incurred when working with others. The concept of assumed risk requires much more than the general awareness of a potential for mishap. It contemplates the incurrence of a specific risk of which the plaintiff has actual knowledge in voluntarily undertaking a particular activity. *Kroger Co. v. Haun, supra.* Clearly, Moriarty could not have had actual knowledge of the risk that Moore would fail to apply his brakes in an emergency. We note in concluding that the very nature of the assumed risk doctrine requires a subjective inquiry into the plaintiff's mind—an inquiry best suited to the trier of fact and not a reviewing court. We decline to hold that, as a matter of law, Moriarty assumed the risk of Moore's failure to apply the brakes.

■ Finally, Moore urges that the court held him to an unreasonably high standard of care in light of the doctrine of sudden emergency. This rule recognizes that "the law of negligence does not require the same accuracy of judgment of one who has innocently been deprived of time to deliberate his actions as it imposes on one who has the opportunity for deliberation." *Lovely v. Keele* (1975), 166 Ind.App. 106, 333 N.E.2d 866, 868. However, as the court in *Lovely* continued, the determination of what constitutes reasonable care in an emergency is one for the factfinder.

In the instant case, the trial court concluded that the time interval between Moore's recognition that Moriarty was having difficulty steering the tractor and when the tractor actually overturned was sufficient for a reasonable person exercising due care to have stopped the truck prior to the accident occurring. Again, it is not our function to reweigh the evidence. While we recognize that Moore had little time in which to act to avoid the accident, we cannot substitute our judgment for that of the trial court.

### II.

Moore next argues that the court's damage award is excessive in that there is. insufficient evidence in the record to support the amount awarded for injuries arising from the November accident.[1]

■ As we have often stated, the amount of a damage recovery is largely within the discretion of the trier of fact. Absent a showing of prejudice, partiality, or other improper motive, this court will not disturb a damage award on the grounds of excessiveness. *Bemis Company, Inc. v. Rubush* (1980), Ind.App., 401 N.E.2d 48. As the court in *Bemis* stated, "The amount must be so outrageous as to impress the court at first blush with its enormity." 401 N.E.2d at 64.

■ Following the November accident Moriarty was hospitalized for twelve days, incurred medical bills of approximately $1,000, and was on crutches for two months. He had constant pain in his hip and knee, and he was unable to return to work. Additionally, the injuries sustained left him susceptible to future injury such as that which occurred in March 1975. Finally, while the occurrence of the March accident makes it difficult to assess Moore's permanent injuries and future losses attributable

only to the November accident, it is clear that some of his present loss may be attributable to the first injury. We find no indication of passion, prejudice or partiality in the court's $22,500 award. Nor are we so offended by its enormity as to conclude that the amount is excessive.

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.

---

1. In his brief Moore urges that the court's special findings on damages and the amount of the award indicate that the court's award improperly includes damages sustained by Moriarty in the March accident. However, in his Motion to Correct Errors Moore contends that the damage award is excessive in light of the evidence as to Moriarty's injuries resulting from the November accident. Notably, his motion recognizes that the findings specifically exclude injuries arising from the March accident from the damage award. Therefore, we will consider this case under our standard of review for excessive damages.