Frank STANZIONE and Lorraine A.
Stanzione, Defendants-Appellants,

v.

George PASCEVICH, Plaintiff-Appellee,

and

Ann Schultz, Co-Defendant-Appellee.

No. 3–980A281.

Court of Appeals of Indiana,
Third District.

Feb. 25, 1982.

Donald P. Levinson, Merrillville, for defendants-appellants.

John T. Carmody, Indianapolis, Vitold Reey, Thomas Greenberg, Merrillville, for plaintiff-appellee.

GARRARD, Judge.

This was an action for fraud concerning the sale of a house. In March 1977 the agent (Schultz) approached the sellers (Stanziones) seeking a listing for the purpose of showing the house to the buyer (Pascevich). At the time the house was still unfinished but the sellers were living in it. The sellers listed it with the agent for $69,900. After seeing the house the buyer offered $62,000, but this offer was rejected.

A few days later the buyer visited the house again with the agent and a friend who had some knowledge of construction. At this time the seller represented that a proper air conditioning unit had been ordered and would be installed in the home. The buyer and agent then prepared a new offer at $65,000 which contained specific requests for the completion of various items, although it made no mention of air conditioning. This offer was accepted with the right retained by the sellers to remain in the house until August 1, 1977.

About a month after the sale had been agreed to the buyer saw that the sellers had installed an air conditioner. He, however, complained that it was too small for the house. Subsequent contacts through the agent requesting installation of proper air conditioning went without effect. When the buyer took possession in August he discovered that both the air conditioner and a humidifier had been removed by the sellers. He then sued for fraud and breach of contract.

The case was tried by the court. Special findings were entered and the buyer was awarded a judgment for $2,083 actual and $5,000 punitive damages. The court also found against the buyer on his claim against the agent, and that portion of the judgment is not appealed.

The sellers challenge the sufficiency of both the findings and the evidence to sustain a determination of liability. They also challenge both the compensatory and the punitive damage awards.

The essence of the sellers' position is that the evidence did not support a judgment for fraud. Upon the assumption that they are correct in that contention they then argue that the lower selling price agreed to after the discussion about air conditioning, together with the integrated form of the final

sales agreement and its failure to mention air conditioning, preclude recovery on a contract theory.

■ At the outset we recognize that the evidence may have been subject to more than one interpretation. Our function on appeal, however, is limited to ascertaining whether there is probative evidence to support the findings and judgment. We may not reweigh the evidence or redetermine questions of credibility.

■ The elements necessary to a legal action for fraud are well established in Indiana. As Judge Hoffman stated in *Coffey v. Wininger* (1973), 156 Ind.App. 233, 296 N.E.2d 154, 159,

"The essential elements of fraud are a material representation of past or existing facts, made with knowledge (scienter) or reckless ignorance of this falsity, which cause a reliance upon these representations, to the detriment of the person so relying."

■ The sellers contend there was no representation made concerning an existing fact, only a promise to have air conditioning installed in the future. While the statement that the air conditioning would be installed might not meet the requirement of a misrepresentation of fact, the same is not true of the sellers' statement that the air conditioning was on order. That was a representation of existing fact and was sufficient to ground the action.

The sellers also assert that the court's findings failed to support a determination that the representations were either untrue or calculated to mislead.

■ The court found that the sellers expressly represented that adequate air conditioning was on order and would be installed. It found that the buyer relied upon the representation in making his offer to purchase and that the sellers installed an inadequate unit which, together with a furnace humidifier, they wilfully removed and failed to replace. The clear inference from the findings was that the sellers intended the buyer to rely and the buyer was damaged by the failure of the home to have the represented air conditioning.

■ We agree that where special findings are properly requested the parties are entitled to have the court state the ultimate facts so that a court of review may properly consider the basis for the judgment. Yet it does not mean a reversal is merited whenever a technical deficiency may arguably appear. On the contrary, the law is firmly settled that the findings should be construed together *and* in favor of the judgment. *K. B. v. S. B.* (1981), Ind.App., 415 N.E.2d 749. When so reviewed, the findings before us adequately disclose the basis for liability. Since they are also supported by the evidence, they are sufficient.

■ Sellers next attack the judgment for actual damages in the amount of $2,083. As to the amount of damages we agree with the buyer that the amount was within the range of the evidence and closely approximated their damage evidence of $2,139. As such, the sum awarded was proper. *Indiana University v. Indiana B & S Co.* (1981), Ind.App., 416 N.E.2d 1275.

■ A more difficult problem arises from the sellers' allegation that the court's findings do not disclose the basis upon which the court arrived at its figure. Certainly a model finding would have set forth the nature of the damages suffered and the valuation thereof reached by the court. On the other hand, no contention has been advanced that the court applied the wrong measure of damages or considered improper elements for an award. The central issue throughout the litigation was whether or not the sellers had obligated themselves (whether through fraudulent representations or by contract) to provide adequate air conditioning, and the damage evidence of both parties focused upon the cost of supplying the same. Under these circumstances we cannot say either that the sellers have been frustrated in securing appellate review or denied substantial justice. Indiana Rules of Procedure, Trial Rule 61; Appellate Rule 15(E). *See also Cook v. Michigan Mutual Liability Co.* (1972), 154 Ind.App. 346, 289 N.E.2d 754, 759. Accordingly, we

find that appellants have failed to demonstrate prejudicial error concerning the award of compensatory damages.

■ Finally, sellers argue the punitive damage award was improper. We disagree. The finding of fraud supports such an award, *Art Hill Ford, Inc. v. Callender* (1981), Ind., 423 N.E.2d 601. The amount thereof does not appear excessive. *Hibschman Pontiac, Inc. v. Batchelor* (1977), 266 Ind. 310, 362 N.E.2d 845. While sellers correctly assert that their financial status is relevant to determining the amount of punitive damages, it was not necessary that buyer secure and introduce in evidence sellers' financial statement. The evidence disclosed the sale price of the house involved, that seller was an engineer and built houses in his spare time, and that sellers lived in a newly built home across the street. That evidence was sufficient to sustain the award of $5,000. *See Nate v. Galloway* (1980), Ind.App., 408 N.E.2d 1317.

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.