MISHAWAKA BRASS MANUFACTURING INCORPORATED, Appellant-Defendant,

v.

MILWAUKEE VALVE CO., INC., Appellee-Plaintiff.

No. 3–782A137.

Court of Appeals of Indiana, Third District.

Jan. 25, 1983.

Rehearing Denied March 3, 1983.

John Schindler, Jr., Mishawaka, for appellant-defendant.

James A. Masters, Nemeth & Masters, South Bend, for appellee-plaintiff.

STATON, Judge.

Milwaukee Valve Company, Inc. obtained a judgment against Mishawaka Brass Manufacturing, Inc. for $43,795.92 and brought proceedings supplemental to enforce that judgment. The trial court held that Michiana Brass Manufacturing, Inc. and Jack Hurwich were liable to Milwaukee Valve Company, Inc. on the judgment to the extent that they held assets acquired from Mishawaka Brass Manufacturing, Inc. Mishawaka Brass Manufacturing, Inc., Michiana Brass Manufacturing, Inc., and Jack Hurwich appeal. Two issues are raised on appeal: [1]

(1) Whether Michiana Brass Manufacturing, Inc. is liable for a debt of Mishawaka Brass Manufacturing, Inc.; and

(2) Whether Jack Hurwich is personally liable for a judgment against Mishawaka Brass Manufacturing, Inc.

Affirmed with respect to Michiana Brass Manufacturing, Inc.; reversed with respect to Jack Hurwich.

The facts in this case are not in dispute. Mishawaka Brass Manufacturing, Inc. (Mishawaka) is an Indiana corporation, entirely owned by Jack Hurwich. The officers and directors of the corporation were Hurwich, members of his family and possibly his attorney. Mishawaka produced brass ingots, which it supplied to Milwaukee Valve Company, Inc. (Milwaukee) beginning in the late 1970's. This relationship resulted in a suit filed by Milwaukee against Mishawaka in Wisconsin. The jury returned a verdict in favor of Milwaukee on February 9, 1981 and judgment in the amount of $43,795.92 was entered on the verdict March 24, 1981.

On February 16, 1981 Mishawaka sold its equipment to Hurwich, and agreed to lease the equipment back from him. On April 1,

---

**1.** The issues have been rephrased.

1981, Mishawaka ceased operations and sold its inventory and leasehold improvements to Michiana Brass Manufacturing, Inc., a new corporation owned entirely by Hurwich. The directors and officers were Hurwich and members of his family. Michiana assumed Mishawaka's obligations under the lease and paid some of Mishawaka's debts. The money paid to Mishawaka for the inventory and leasehold improvements was used to pay some of Mishawaka's other creditors.

Milwaukee brought suit against Mishawaka in Indiana to enforce the Wisconsin judgment. In proceedings supplemental, the trial court found that the transfers of assets to Hurwich and Michiana were not fraudulent, but held that both were liable to the extent of the assets they acquired from Mishawaka because Michiana is a direct continuation of Mishawaka's operations.

■■■ The trial court issued special findings as allowed by Ind.Rules of Procedure, Trial Rule 52(A), although these findings were neither required by TR. 52(A) nor requested by either party. *See Hunter v. Milhous* (1973), 159 Ind.App. 105, 305 N.E.2d 448, 458–59. These findings and judgment will not be set aside on appeal unless they are "clearly erroneous." TR. 52(A). This standard requires that the findings be disturbed only if the record contains no facts or inferences supporting the findings. *Indiana Tri-City Plaza Bowl, Inc. v. Estate of Glueck* (1981), Ind.App., 422 N.E.2d 670, 674. In determining whether the findings are "clearly erroneous," we will not reweigh the evidence nor determine the credibility of the witnesses, *id.,* and we will consider only the evidence in the record which supports the judgment and the reasonable inferences which can be drawn from that evidence. *Moore v. Mor-*

*iarty* (1981), Ind.App., 415 N.E.2d 779, 781. The judgment controls as to any issue not covered by the special findings, TR. 52(D)(2), and must be upheld if it is sustainable on any theory. *Hogan Transfer and Storage Corp. v. Waymire* (1980), Ind.App., 399 N.E.2d 779, 787.

## I.

### Michiana Brass Manufacturing, Inc.

■ Michiana argues that it is not liable for Mishawaka's debts because the transactions were not fraudulent.[2] The trial court found that the creation of Michiana was a direct continuation of Mishawaka's operations, so the obligation to Milwaukee also continued.[3]

The record supports the trial court's determination that Michiana is a direct continuation of Mishawaka. Both companies are wholly owned by Jack Hurwich, they have virtually the same officers and directors,[4] and they operate on the same business premises. Mishawaka was in the business of producing brass ingots; Michiana has continued that manufacturing operation and has begun a concentrating operation.

The details of the transaction itself support the judgment. Michiana paid Mishawaka partially in cash and partially by paying some of Mishawaka's creditors directly. Michiana also assumed Mishawaka's obligations under the lease agreement with Jack Hurwich. Michiana obtained the cash by borrowing, with assets as collateral, from the same bank with which Mishawaka dealt. Jack Hurwich's own testimony further supports the judgment. Hurwich testified that Mishawaka had developed a bad reputation, so he incorporated under a new name in order to borrow against the assets and obtain cash for the business.

2. The trial court's finding that there were "insufficient indicia of fraud to establish that the subject transactions were made with intent to defraud" Milwaukee is supported by Hurwich's testimony that he arranged the transactions for business purposes; therefore it cannot be said to be clearly erroneous.

3. If the transactions had been carried out with intent to defraud, they would be void as to Milwaukee. IC 1976, 32–2–1–14 (Burns Code Ed., 1980 Repl.).

4. Hurwich's attorney may have, at one time, been an officer or director of Mishawaka and different sons may have been officers or directors of the two corporations.

The two corporations are essentially the same. The name was changed so that Hurwich could borrow against the assets. A mere change of name where the second corporation is clearly a direct continuation of the ownership and operations of the first corporation will not cut off liability to a creditor of the first corporation. *Cf. Payne-Baber Coal Co. v. Butler* (1938), 276 Ky. 211, 123 S.W.2d 273. (Slight change in corporation name will not relieve new corporation of debts of old one where the same business is conducted by same personnel in the same offices). *See generally* 49 A.L. R.3d 881–902; 19 Am.Jur.2d Corporations § 1550. The findings of the trial court are not clearly erroneous; therefore we affirm the judgment against Michiana.

## II.

### Jack Hurwich

■ Hurwich is the sole shareholder of both Mishawaka and Michiana. He argues that the trial court erred in finding him liable despite the lack of fraudulent intent. Indiana law provides that a shareholder

"shall be liable for the debts of a corporation only to the extent of any unpaid portion of their subscriptions for shares of the corporation or any unpaid portion of the consideration for the issuance to them of shares of the corporation."

IC 1975, 23–1–2–6(h) (Burns Code Ed., 1982 Supp.). This statute gives shareholders substantial protection against personal liability for corporate debts. Although the courts may "pierce the corporate veil" in cases of fraudulent transfers, *see Coak v. Rebber* (1981), Ind.App., 425 N.E.2d 197, 199, the trial court specifically found no intent to defraud in the transfer of assets to Hurwich. Hurwich testified that, acting on the advice of his accountant and his attorney, he purchased the assets in order to make cash available to the corporation. Therefore, we cannot say that the trial court's findings were clearly erroneous. In the absence of fraud, Hurwich is entitled to the protection afforded him by statute; he

cannot be held liable for Mishawaka's debt. We reverse the judgment against Hurwich.

Affirmed in part; reversed in part.

HOFFMAN, P.J., concurs in result.

GARRARD, J., concurs in part and dissents in part with opinion.

GARRARD, Judge, concurring in part and dissenting in part.

I concur in the result reached by the majority in the judgment against Michiana Brass and dissent to its reversal of the judgment against Hurwich.[1]

The key to our appellate review arises from the procedural fact that the trial court was not required, by timely request of the parties or otherwise, to enter special findings of fact pursuant to Indiana Rules of Procedure, Trial Rule 52. As the majority recognizes, under such circumstances we are to consider the case as decided upon a general judgment, and it is our duty to affirm if the judgment is sustainable on any theory. However, in applying this principle we may not contradict (by affirming on grounds contrary to) any of the findings of fact actually entered by the trial court. *Kizer v. Davis* (1977), 174 Ind.App. 559, 369 N.E.2d 439; *Hunter v. Milhous* (1974), 159 Ind.App. 105, 305 N.E.2d 448, 459.

In this case I cannot accept the majority's determination that the establishment of the second corporation (Michiana) amounted to no more than a change of name and therefore would not shield it from the liability of Mishawaka. The trial court expressly found that it was a duly created separate corporation. The court also found that there were "insufficient badges of fraud to establish that the subject transactions were made with intent to defraud Milwaukee Valve."

IC 32–2–1–14 provides:

"All conveyances or assignments, in writing or otherwise, of any estate in lands, or of goods or things in action, every charge upon lands, goods or things

---

1. There is no dispute that the judgment against Mishawaka Brass should be affirmed.

in action, and all bonds, contracts, evidences of debt, judgments, decrees, made or suffered with the intent to hinder, delay or defraud creditors or other persons of their lawful damages, forfeitures, debts or demands, shall be void as to the persons sought to be defrauded."

The evidence clearly supports the inference that the creation of Michiana and the transfer of assets to it was done with intent to hinder and delay Milwaukee Valve, a creditor, in collecting its lawful debt. On that basis the judgment against Michiana, to the extent of Mishawaka's assets, should be affirmed. *Hunter v. Milhous, supra.*

Similarly, and recognizing that the court entered no specific findings which establish the liability of Hurwich, the evidence nevertheless clearly sustains the inference that the sale and lease-back arrangement was also accomplished with intent to hinder and delay Milwaukee in the collection of its claim and judgment. Therefore, the judgment against Hurwich to the extent of the Mishawaka assets should, also, be affirmed.