Mary M. BEST, Appellant,

v.

Harold L. BEST, Appellee.

No. 4–1183A375.

Court of Appeals of Indiana,
Third District.

Oct. 30, 1984.

Louis Pearlman, Jr., Pearlman & Chosnek, Lafayette, for appellant.

John C. Dibble, Dibble, Bartlett & Robb, Lafayette, for appellee.

GARRARD, Judge.

Harold L. Best (father) and Mary M. Best (mother) were divorced on January 26, 1970. The couple's three daughters were placed in the mother's custody and the father was ordered to pay child support. On November 10, 1978 the mother filed a petition to modify support seeking, *inter alia*, payment for the children's college education. The trial court granted the petition on February 5, 1979 and ordered the father "to pay tuition at Marian College" for the oldest daughter in lieu of support. In April 1979 the mother and the oldest daughter applied for financial aid and falsely stated on the application form that there was no agreement or support order for contribution to her education expenses. The father was not informed of the daughter's receipt of financial aid and paid to the daughter a total of $5,005 for tuition covering four semesters of school.[1] The father had paid this money in reliance on college

---

1. Although the father paid for four semesters, the oldest daughter actually attended Marian College three semesters. She did not return the unused tuition check but deposited it into a savings account held jointly with her mother.

fee statements which had been altered to delete evidence of financial aid received and which purported to represent the amount of tuition owed to the college. On November 18, 1981 the mother filed another petition to modify support alleging that the oldest daughter had terminated her attendance at Marian College, was presently a part-time student at Purdue University, that a younger daughter was attending Purdue full time and sought college expenses for both girls. No mention was made of financial aid which had been requested and received by the younger daughter during the fall semester of 1981. Neither did the petition mention that the father had paid to the oldest daughter $1,325 which was not used for tuition due to her departure from school. The petition to modify support was granted on December 23, 1981 and the father was ordered to pay "the Purdue University Student Housing statement and the Purdue University tuition statement, net of all available discounts ...." for the younger daughter in lieu of support. Record at 17. Upon the father's discovery that both daughters had received financial aid which had been applied to tuition, on February 17, 1982 he petitioned the trial court to vacate its previous modification orders, requested an accounting from the mother relative to tuition payments and sought a credit for sums overpaid for tuition and attorney's fees. The trial court found that the mother had misrepresented to the father the amount of tuition actually due and owing and vacated the previous support orders and ordered the wife to repay the father's overpayment of tuition. The mother subsequently perfected this appeal.

The issues are:

1) Was there sufficient evidence of fraud by the mother and overpayment of tuition by the father to support the trial court's judgment?

2) May the trial court order repayment of the amount it finds to be overpayment of tuition?

3) Is there sufficient evidence to sustain an award of attorney's fees?

*Issue 1*

The central issue that led to this dispute concerns the definition of "tuition." The mother argues that the word "tuition" should be defined as "money paid for instruction; tuition fee." The mother claims that the father paid the tuition fee charged by the school and should not be able to complain about any financial aid received from a collateral source. Since a college education costs more than tuition, she claims merely to have sought financial aid to pay for the expenses of college beyond tuition. In addition, the mother claims she had nothing to do with soliciting the tuition payments from the father since all communications with him were by the daughters and that she derived no benefit from the girls' receipt of financial aid so that the trial court's finding of fraud is based on insufficient evidence.

 The trial court issued special findings of fact pursuant to Indiana Rules of Procedure, Trial Rule 52(A) although not requested by either party nor required by the rule. These findings will only be set aside if they are "clearly erroneous," TR 52(A); the findings will be disturbed only if the record contains no facts or inferences supporting the findings. *American Independent Management Systems, Inc. v. McDaniel* (1982), Ind.App., 443 N.E.2d 98. In determining whether the findings are "clearly erroneous," we will not reweigh the evidence or determine the credibility of witnesses, but will consider only evidence which supports the judgment and the reasonable inferences drawn from the evidence. *Mishawaka Brass Manufacturing v. Milwaukee Valve Co.* (1983), Ind.App., 444 N.E.2d 855. The judgment controls on any issue not covered by the special findings, TR 52(D), and will be upheld if sustainable on any theory, *id.*, although we may not contradict any of the findings made by the trial court by affirming on grounds contrary to such findings. *Kizer v. Davis* (1977), 174 Ind.App. 559, 369 N.E.2d 439; *see also Mishawaka Brass*

*Manufacturing, supra* at 858 (Garrard, J., concurring).

The trial court determined that "tuition" must be defined as the amount actually due and owing, i.e. tuition less any financial aid received. We agree.

██ It is within the trial court's discretion to require a father to pay some designated portion of a child's college expenses. *Lipner v. Lipner* (1971), 256 Ind. 151, 267 N.E.2d 393. In addition, the trial court has continuing jurisdiction over the minor children and parents to keep college expense in conformity with changing circumstances. *DeLong v. DeLong* (1974), 161 Ind.App. 275, 315 N.E.2d 412.

██ In *Norrell v. Norrell* (1976), 236 Ga. 797, 225 S.E.2d 305 the husband became obligated in the divorce decree to pay tuition for his children's college or other post-high school institution. The Georgia Supreme Court held that this order obligated the husband to pay only net tuition, i.e. tuition less any scholarships received, and allowed to the husband a credit for scholarships received by the son. Here, the mother had originally petitioned the trial court to order the father to pay for all of the daughters' college expenses. However, the trial court ordered him to pay only tuition. The *Norrell* definition of tuition reflects the trial court's intent to limit the father's financial burden for his daughter's college education to tuition in lieu of support. We adopt the holding of *Norrell* and hold that "tuition," unless otherwise defined by the trial court in its order of payment, means tuition fees less financial aid or scholarships received by the student.

██ Fraud requires that material misrepresentations regarding past or existing facts be made with knowledge of or reckless disregard for the falsity of the statements plus reliance upon the misrepresentations by another to his detriment. *Stanzione v. Pascevich* (1982), Ind.App., 431 N.E.2d 847. The trial court found that the father was falsely informed of tuition amounts actually due and owing to both Marian College and Purdue University. The mother admitted that she provided the father with a tuition schedule and statement which had been altered to delete evidence of financial aid received, that she had sought financial aid without disclosing the father's obligation to pay for her daughters' tuition, and that she knew the father was obligated under the court order to pay for tuition. In addition she received refunds from Marian College which represented the amount of aid in excess of the tuition and fees actually due and owing. Finally the evidence showed that two checks from the father clearly marked for tuition were deposited into a joint savings account which the mother held with her oldest daughter. The daughters testified they used the father's money to pay for other college and living expenses, i.e. expenses they or their mother would have been obligated to pay otherwise. The father testified that he had relied upon the altered financial statements and representations made to him concerning the amounts of tuition due and owing and that it resulted in his making payments in excess of the amounts due and owing for tuition. The evidence and reasonable inferences therefrom support the trial court's general finding of overpayment resulting from the mother's misrepresentations.

Before turning to the second issue we note one thing further. A portion of appellant's argument addresses some of the specific findings entered by the court.[2] Under the issue denominated as a challenge to the court's power to retroactively modify and interpret a support order, appellant challenges collectively findings 1 through 5. It appears that there were mistakes in some of these findings. For example, in finding 3 the court found that the father paid $1130 in reliance upon Defendant's Exhibit A. While the $1130 is not challenged, it appears that Defendant's Exhibit C was the exhibit related to that payment.

---

**2.** In the first section appellant urges finding 7 was incorrect on the basis that the court should have applied the gross figure from the tuition statement rather than the amount due after the grants received by Patricia.

No specification of error was assigned in the motion to correct errors attacking the court's special findings, no such specification appeared in appellant's statement of the issues, and no challenge on appeal addresses the *amount* found due, except as they relate to appellant's theory of the case that the husband was obligated to pay the amount of the gross tuition statement without regard to the tuition assistance received from the schools in question. The father assigned no cross errors. Accordingly, we deem that any errors in the special findings, other than as herein addressed, have been waived. TR 52(D), AP 8.3.

*Issue 2*

The mother attempts to characterize the trial court's action ordering her to repay the amount of overpayment as a retroactive modification of a support order. However, that is not the case. The father petitioned the trial court to vacate, not modify, its previous support orders. Further, in the previous modification of support orders, the father had been ordered to pay tuition for the daughters *in lieu* of support.

The trial court's order of repayment is based on its inherent power to grant equitable relief. *State ex rel. Uebelhor v. Armstrong* (1969), 252 Ind. 351, 248 N.E.2d 32. A person who pays another an excessive amount of money due to an erroneous belief induced by a mistake of fact that the amount paid was necessary to discharge a duty is entitled to restitution of the excess. Restatement of Restitution, Section 20 (1937). We affirm the trial court's order to the mother to repay the amount of overpayment by the father.

*Issue 3*

The mother claims there is no evidence to support an award of attorney fees under TR 37(B) [3] for failure to comply with a discovery order.

**3.** TR 37(B) states, in pertinent part:
"In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable

The trial court ordered the mother to produce various financial records pertinent to this action on February 19, 1982. After the mother failed to produce the records, the court granted on April 19, 1982 the father's motion to compel production. On June 3, 1982 the father filed a motion for sanctions under TR 37 which requested, *inter alia*, attorney's fees for action taken to compel discovery. The father produced evidence at trial that he had incurred an additional $720 in attorney fees in obtaining the information which the mother failed to produce. The trial court awarded $500 in attorney fees to the father. There is sufficient evidence to sustain the trial court's award of attorney fees.

The trial court's judgment is affirmed.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.

expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."